[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action by writ, summons and complaint was made returnable to the court on December 12, 1995. Both parties appeared through counsel and after being claimed to the limited contested trial list this matter was tried on May 1, 1997.
The court finds, after hearing, the following facts. The parties were intermarried on August 13, 1955 in Springfield, Massachusetts. The plaintiff has resided continuously in this state for more than one year prior to the date of the complaint. The plaintiff and defendant have no minor children of the marriage and neither the plaintiff or the defendant have received either state or municipal aid or assistance.
The plaintiff and defendant presently both reside in the family residence at 158 Prospect Hill Drive, East Windsor, CT Page 5746 Connecticut. The residence has a value of $112,000 and is unencumbered by any mortgages. The defendant owns a half interest in a three family home in Springfield, Massachusetts with his interest having a net equity of $17,000. The co-owner of the unit is his sister. One unit of this property is leased to a tenant for $5100 per year, one unit is occupied by the defendant's sister, and one unit is presently vacant. The plaintiff and defendant also own a trailer home in Florida which is valued at $10,000. The defendant also owns an individual retirement account with an approximate value of $300,000.
The plaintiff who is 63 years old, is unemployed and is collecting social security disability income of $106.00 per week. In the past she has held jobs as a waitress and nurses aide. The defendant, who is 67 years old, is retired but formerly worked as a salesman for Smith Corona.
The plaintiff and defendant have various medical problems which apparently are under control with the exception of the back problems which have lead to the plaintiff's disability.
The testimony at trial leads this court to find that fault for the breakdown of this marriage — after forty-two years — can not be attributed to one party more than the other. The inability of the plaintiff to restrict her religious zeal so as to not impact on her husband's beliefs has certainly played a role in the breakdown of this marriage. On the other hand, the defendant's inability to lead a more moderate life style and to temper his anger, especially during the earlier stages of the marriage, as well as to accommodate to a reasonable degree his wife's beliefs has also lead to the irreparable breakdown of this marriage. This court will not assess any greater fault on either party.
After having considered all of the evidence in light of the mandates set forth in General Statutes § 46b-81 through §46b-82 the court enters the following orders:
 1. A degree is entered dissolving the marriage of the parties on the grounds of irretrievable breakdown, all of the allegations of the complaint having been proven.
 2. The defendant shall pay $100 per week as alimony for the support of the plaintiff. This weekly order shall terminate upon the occurrence of the death of the plaintiff, remarriage of the plaintiff, or when CT Page 5747 the plaintiff reaches 65 years of age.
 3. The defendant shall cooperate with the plaintiff in arranging for her continuation of medical insurance benefits with his prior employer. The plaintiff is responsible for the payment of this premium and shall hold the defendant harmless for any liability he may have arising out of her continuation on this plan.
 4. The real estate known as 158 Prospect Hill Road, East Windsor shall be quitclaimed by the defendant to the plaintiff. If he fails to execute and deliver a deed within 30 days of this decision the property shall be transferred in accordance with General Statutes § 46b-81.
 5. The defendant shall vacate 158 Prospect Hill Road, East Windsor within 30 days of this order.
 6. Plaintiff shall have no claim to the real estate known as 32 Woodside Terrace, Springfield, Massachusetts.
 7. The plaintiff will execute and deliver all documents necessary to transfer her interest in the property in Bonita Springs, Florida to the defendant within thirty days of the date of this Memorandum.
 8. Plaintiff and defendant shall each retain their respective interests in their bank accounts, stock accounts and automobiles as set forth on their affidavits free from any claim by the other.
 9. Within thirty days of the date of this Memorandum the plaintiff shall designate by name, account number, and institution an individual retirement account and notify the defendant of said designation. The defendant shall within ten business days from the date of designation cause to be transferred to that designated account from his individual retirement account the sum of $120,000.00. The court contemplates this transfer to be a tax free transaction.
 10. The plaintiff shall retain her interest in her Individual Retirement Account free of any claims by the defendant.
 11. Plaintiff and defendant shall mutually agree as to the division of personal items not specifically covered in these orders.
 12. Each parties' automobile shall remain theirs free of any claim by the other.
CT Page 5748
 13. Each party shall be responsible for the liabilities set forth on their financial affidavits and shall hold the other harmless on those obligations.
14. Each party shall pay their own costs and attorneys fees.
 15. Plaintiff's counsel shall prepare a judgment file within 30 days of the date of this memorandum and both counsel shall sign the judgment file.
Zarella, J.